UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHANIQUA FREEMAN,

         Plaintiff,

  v.

COMMONWEALTH LOCAL DEVELOPMENT
CORP., HUSA MANAGEMENT CO., LLC,
RAINBOW USA INC. AND A.I.J.J.
ENTERPRISES, INC.,

         Defendants.
------------------------------------------------------------x

CV

COMPLAINT

JURY TRIAL REQUESTED

# COMPLAINT

Plaintiff Shaniqua Freeman (hereafter referred to as "Plaintiff"), by counsel, Hanski Partners LLC, as and for the Complaint in this action against Defendants Commonwealth Local Development Corp., HUSA Management Co., LLC, Rainbow USA Inc. and A.I.J.J. Enterprises, Inc. (together referred to as "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York

("Administrative Code"). As explained more fully below, each of the Defendants own, lease, lease to, operate, and/or control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2. Defendants chose to ignore the explicit legal requirements which required them to make their place of public accommodation accessible to persons with disabilities. In so doing, Defendants acted to exclude persons with disabilities from their place of public accommodation.

3. The day has come for Defendants to accept responsibility, therefore by this action Plaintiff seeks to right Defendants' wrongful acts so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

**PARTIES**

6. At all times relevant to this action, Plaintiff Shaniqua Freeman has been and remains currently a resident of the State and City of New York.

7. At all times relevant to this action, Plaintiff Shaniqua Freeman has been and remains a wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

8. Defendant Commonwealth Local Development Corp. owns the real property and building located at 308 West 125th Street in New York County, New York (hereinafter referred to as "308 W 125th Street").

9. Defendant Commonwealth Local Development Corp. leases 308 W 125th Street to defendant HUSA Management Co., LLC pusuant to a ground lease.

10. Upon information and belief, defendants Rainbow USA Inc.and A.I.J.J. Enterprises, Inc. operates a retail clothing store doing business as Rainbow Shops, which sells, among other things, women's clothing, shoes and accessories.

11. At all relevant times defendants Rainbow USA Inc.and A.I.J.J. Enterprises, Inc. operates and subleases a portion of the retail space located at 308 W 125th Street in which the retail clothing store doing business as Rainbow Shops is located (hereinafter referred to as the "Rainbow Shop premises").

12. Upon information and belief, each of HUSA Management Co., LLC, Rainbow USA Inc.and A.I.J.J. Enterprises, Inc. have a written lease (or sublease) agreement for the Rainbow Shop premises.

13. Upon information and belief, defendants Rainbow USA Inc.and A.I.J.J. Enterprises, Inc. are related entities.

14. Each defendant is licensed to and does business in New York State.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15. The Rainbow Shop premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102)) as it is a facility operated by a private entity and its operations affect commerce.

16. Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Rainbow Shop premises at 308 W 125th Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

17. Upon information and belief, Commonwealth Local Development Corp. leases (directly, or indirectly through sublease agreements) 308 W 125th Street, or portions of 308 W 125th Street to each of HUSA Management Co., LLC, Rainbow USA Inc.and A.I.J.J. Enterprises, Inc.

18. Upon information and belief, HUSA Management Co., LLC sublets 308 W 125th Street to Rainbow USA Inc.and A.I.J.J. Enterprises, Inc.

19. Upon information and belief Rainbow USA Inc.and A.I.J.J. Enterprises, Inc. operate the Rainbow Shop premises in the space they lease (directly or indirectly) from Commonwealth Local Development Corp. and HUSA Management Co., LLC.

20. Numerous architectural barriers exist at Defendants' place of public accommodation that prevent and restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

21. Upon information and belief, 308 W 125th Street is a building with a lot area of 61,660 square feet.

22. Upon information and belief, 308 W 125th Street has a gross floor area of 310,000 square feet.

23. 308 W 125th Street has three or more stories.

24. 308 W 125th Street houses five or more rental establishments, including Old Navy, AMC theatres, TD Bank, New York Sports Club and the Rainbow Shop premises.

25. 308 W 125th Street was designed and constructed for first possession after January 26, 1993.

26. Upon information and belief, at some time after January 1992, alterations were made to 308 W 125th Street, including areas adjacent and/or attached to 308 W 125th Street.

27. Upon information and belief, at some time after January 1992, alterations were made to areas of 308 W 125th Street related to the Rainbow Shop premises and to the Rainbow Shop premises.

28. The services, features, elements and spaces of the Rainbow Shop premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D (hereinafter referred to as the "2010 Standards" or the "2010 ADA")

5

29. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Rainbow Shop premises that are open and available to the public.

30. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std") and the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std").

31. Barriers to access that Plaintiff encountered and which deter Plaintiff from patronizing the Rainbow Shop premises as well as architectural barriers that exist include, but are not limited to, the following:

   I.  There is no accessible route to the sales floor of the Rainbow Shop premises.
       *Defendants fail to provide that there is one accessible route connecting all the public accommodations within the site. See 1991 ADA §§ 4.1.2(2); 4.1.3(1); and 4.3.2; 2010 ADA §§ 206.2.2 and 206.2.4; 1968 BC § 27-292.5; 1968 Ref Std § 4.3.2; 2008 BC § 1104.2; and the 2014 BC § 1104.2.*

   II. No passenger elevator is provided to the sales floor of the Rainbow Shop premises.
       *One passenger elevator shall serve each level, including mezzanines, in all multi-story buildings and facilities. See 1991 ADA § 4.1.3(5); 2010 ADA § 206.7; 2008 BC § 1109.7; and 2014 BC § 1109.7*

6

III. There is no accessible route of at least 36 inches of minimum width in all locations available to disabled customers.
*Defendants fail to provide an accessible route of at least 36 inches. See 1991 ADA § 4.3.3; 2010 ADA § 403.5.1; 1968 Ref Std § 4.3.3; 2008 Ref Std § 403.5; and 2014 Ref Std § 403.5.*

IV. Sales merchandise protrude into the interior routes.
*Defendants fail to provide that no protruding objects exist inside the minimum required clear floor space width of the interior's accessible route.  See 1991 ADA §§ 4.2.4.2 and 4.4.1; 2010 ADA §§ 307.5, and 403.5.1; 1968 Ref Std § 4.2.4.2 and 4.4.1; 2008 Ref Std §§ 307.5, and 403.5; and 2014 Ref Std §§ 307.5, and 403.5.*

V. Circulation routes around shelves and displays lack sufficient space to make a 180-degree turn around the shelves and displays.
*Defendants fail to provide the minimum required maneuvering clearance width at the end of every obstruction or aisle from which to make a turn around the obstruction or aisle.  See 1991 ADA § 4.3.3; 2010 ADA § 403.5.2. 1968 Ref. Std § 4.3.3; 2008 Ref. Std § 403.5.1; and 2014 Ref. Std § 403.5.1.*

VI. The sales counters are not accessible.
*Defendants fail to provide that, where provided, at least one of each type of sales counter and service counter is accessible.  See 1991 ADA § 7.2; 2010 ADA § 227.3;1968 BC § 27-292.1; 2008 BC § 1109.12.3; and 2014 BC § 1109.11.3.*

VII. The sales counters are more than 36 inches high above the finish floor.
*Defendants fail to provide that an accessible portion of the (sales or service) counter surface is 36 inches long minimum and 36 inches high maximum above the finish floor with a clear floor or ground space positioned for a parallel approach adjacent to the accessible portion of the counter. See 1991 ADA § 7.2; 2010 ADA § 904.4.1; 1968 BC § 27-292.1; 2008 Ref Std § 904.3.1; and 2014 Ref Std § 904.3.1.*

VIII. The lines at the checkout counters are less than 36 inches minimum wide.
*Defendants fail to provide an accessible route of at least 36 inches. See 1991 ADA § 4.3.3; 2010 ADA § 403.5.1; 1968 Ref Std § 4.3.3; 2008 Ref Std § 403.5; and 2014 Ref Std § 403.5.*

32. Plaintiff either personally encountered or has knowledge of the foregoing barriers to access.

33. Upon information and belief, a full inspection of the Rainbow Shop premises will reveal the existence of other barriers to access.

7

34. As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Rainbow Shop premises in order to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

35. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

36. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications for persons with disabilities.

37. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Rainbow Shop premises continue to exist and deter Plaintiff.

38. Plaintiff resides in the Harlem neighborhood of New York County.

39. Situated on West 125th Street, the Rainbow Shop premises is located on a main commercial corridor of Harlem.

40. Plaintiff frequently travels to the area where the Rainbow Shop premises is located for shopping.

41. Plaintiff frequents the West 125th Street commercial corridor at least once a month.

42. The stores doing business as Rainbow Shops are known for affordable clothing, shoes and accessories.

43. Within the 2024 calendar year, Plaintiff attempted to and desired to access the Rainbow Shop premises.

44. Plaintiff, however, was unable to access the Rainbow Shop premises as there was no accessible route to the sales floor.

45. The only means of access provided to access the Rainbow Shop premises is an escalator and stairs.

46. Plaintiff desired to and continues to desire to patronize the Rainbow Shop premises to shop its fashionable selection of women's clothing, shoes and accessories.

47. Plaintiff desires to patronize the Rainbow Shop premises for its value proposition – its affordable prices.

48. Plaintiff, however, was and remains deterred from patronizing the Rainbow Shop premises because of the barriers to access that exist at the Rainbow Shop premises all of which block her from shopping at the Rainbow Shop premises.

49. Plaintiff intends to patronize the Rainbow Shop premises to shop for clothing, after the Rainbow premises is made wheelchair accessible in compliance with the 1991 Standards or the 2010 Standards, and the Administrative Code.

50. Defendants have injured Plaintiff by failing to provide that their place of public accommodation is wheelchair accessible as required by the ADA, NYSHRL and the NYCHRL.

51. Defendants continue to injure Plaintiff due to their ongoing maintenance of architectural barriers at the Rainbow Shop premises. This is because Plaintiff desires

to shop at the Rainbow Shop premises, but Defendants deny Plaintiff the opportunity to do so, based on disability, because they maintain architectural barriers at the Rainbow Shop premises.

52. Defendants therefore discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the Rainbow Shop premises.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

53. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

54. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

55. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

56. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

57. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled. Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

10

58. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

59. Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

60. The Rainbow Shop premises is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

61. Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

62. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

63. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

64. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

65. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

66. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

67. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and creating an inaccessible public accommodation.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

68. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

69. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

70. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

71. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York

State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

72. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

73. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and creating an inaccessible place of public accommodation. Each of the Defendants have aided and abetted others in committing disability discrimination.

74. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

75. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

76. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

77. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

78. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

79.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

80.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

81.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

82.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

83.     Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative

14

Code § 8-107(4)). Each of the Defendants have aided and abetted others in committing disability discrimination.

84. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

85. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

86. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

87. Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

88. Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

89. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly

refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

90. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, Commonwealth Local Development Corp. continuously controlled, managed, and operated the public sidewalk abutting 308 W 125th Street, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

91. Commonwealth Local Development Corp.'s failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

92. Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

93. Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

94. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including Plaintiff).

95. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

96. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

97. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

98. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

99. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

100. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

101. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

102. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

103. Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

104. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

105. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

106. Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

107. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

108. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E. Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

  F. Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

  G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

  H. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

  I. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: November 20, 2024
   New York, New York

Respectfully submitted,

**HANSKI PARTNERS LLC**

By: /s
  Robert G. Hanski, Esq.
  Attorneys for Plaintiff
  85 Delancey Street
  New York, New York 10002
  Telephone: (212) 248-7400
  Email: rgh@disabilityrightsny.com